**John FEWER; Timothy Dempsey; Michael Stasko, Plaintiffs–Appellants,**

v.

**CITY AND COUNTY OF SAN FRANCISCO; Fred H. Lau; Prentice E. Sanders, Defendants–Appellees.**

No. 05–15646.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2007.

Filed June 15, 2007.

186

William H. Sortor, Esq., David P. Clisham, Esq., Clisham & Sortor, San Francisco, CA, for Plaintiffs–Appellants.

Terence J. Howzell, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: B. FLETCHER, SILER *, and HAWKINS, Circuit Judges.

MEMORANDUM **

Appellants Michael Stasko, John Fewer, and Timothy Dempsey received Like–Work–Like Pay ("LWLP") promotions to the rank of lieutenant in the San Francisco Police Department. Appellants contend that these were permanent appointments, causing them to acquire a due process property interest in their continued employment at the rank of lieutenant. Following their reversions to the rank of sergeant after three months service as LWLP lieutenants, appellants filed suit pursuant to 42 U.S.C. § 1983, claiming a violation of their rights to due process and equal protection. Ruling on cross-motions for summary judgment, the district court denied the officers' motion and granted that of the City. We affirm.

This court reviews de novo a district court's decision on cross motions for summary judgment. *Children's Hosp. Med. Ctr. v. California Nurses Ass'n*, 283 F.3d 1188, 1191 (9th Cir.2002). Viewing the evidence in the light most favorable to the nonmoving party, this court determines "whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact" for trial. *Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1037 (9th Cir.2000).

**I.**

■ Appellants' promotions—which lacked approval of the Mayor and Controller, validation by Human Resources, and for which appellants had neither completed probation nor separated from their former rank—failed to comply with the civil service rules governing permanent appointments. *See* Civil Service Rule 35; Civil Service Rule 40; Annual Salary Ordinance § 1.1. They were thus temporary promotions that created no due process property interest in continued employment at the rank of lieutenant. *See Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Nunez v. City of Los Angeles*, 147 F.3d 867, 872 (9th Cir.1998); *Skelly v. State Personnel Bd.*, 15 Cal.3d 194, 206, 124 Cal.Rptr. 14, 539 P.2d 774 (Cal.1975); *cf. Jenkins v. County of Riverside*, 398 F.3d 1093, 1094–96 (9th Cir.2005).

**II.**

■ Appellants' reversions to their permanent rank of sergeant, arguably done to make room for appointment of applicants who demonstrated better qualifications for the jobs by achieving higher scores on the

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

test leading to the new P–21 eligibility list, were rationally related to the legitimate governmental interest of delivering quality services. *See F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307, 313 & 315, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993); *United States v. Ellsworth,* 456 F.3d 1146, 1149–50 (9th Cir.2006). As appellants failed to establish that their reversion following a LWLP promotion could not reasonably be justified, *see Golden State Transit Corp. v. City of Los Angeles,* 686 F.2d 758, 761 (9th Cir.1982), the city's action withstands the equal protection challenge.

### III.

*Monell* liability will not lie where no constitutional tort has been committed. *See Monell v. New York Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**AFFIRMED.**